UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEPHEN CHRISTIE,

                Petitioner,

v.

NETHANJAH BREITENBACH,

                Respondents.

Case No. 3:23-cv-00255-ART-CLB

ORDER

    *Pro se* Petitioner Stephen Christie filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 10 ("Petition").) On July 7, 2023, the court conducted an initial review of the Petition, directed service of the Petition, and sua sponte raised the issue of counsel. (ECF No. 9.) The court gave Christie 30 days to file a motion for the appointment of counsel if he desired that counsel be appointed. (*Id.*) Christie timely complied, filing his motion for appointment of counsel on July 18, 2023. (ECF No. 12.)

    There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

    Following review of the Petition and the motion for appointment of counsel, the court provisionally appoints the Federal Public Defender to represent Christie, finding that appointment of counsel is in the interests of justice given,

among other things, the complexities of this case and Christie's lengthy sentence.

It is therefore ordered that the motion for counsel (ECF No. 12) is granted.

It is further ordered that the clerk electronically serve the Federal Public Defender a copy of this order, the screening order (ECF No. 9), and the Petition (ECF No. 10). The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Christie by filing a notice of appearance or (2) indicate the office's inability to represent Christie in these proceedings. If the Federal Public Defender is unable to represent Christie, the court will appoint alternate counsel. Appointed counsel will represent Christie in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Christie remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the clerk is directed to send a copy of this order to Christie and the CJA Coordinator for this division.

DATED THIS 21st day of July 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE