UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN CHRISTIE,<br><br>       Petitioner,<br>v.<br>NETHANJAH BREITENBACH, et al.,<br>       Respondents. | Case No. 3:23-cv-00255-ART-CLB<br><br>ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS<br><br>[ECF No. 34] |

This counseled habeas matter comes before the Court on Respondents' motion to dismiss Petitioner Stephen Christie's First-Amended Petition. (ECF No. 34.) Christie opposed the motion, and Respondents replied. (ECF Nos. 41, 42.) For the reasons stated below, the Court grants the motion, in part, and denies it, in part.

**I. BACKGROUND**

The Nevada Court of Appeals described the crime, as revealed by the evidence at Christie's trial, as follows: "Over a three-day period, Christie possessed a stolen white Mitsubishi Endeavor, robbed a Walmart, rear-ended a vehicle, and fled the scene of that accident before abandoning the Mitsubishi and stealing a red Ford Escape, which he used to elude police." (ECF No. 29-8 at 2.) A jury found Christie guilty of two counts of robbery, burglary, leaving the scene of an accident involving personal injury, possession of a stolen motor vehicle, two counts of burglary while in possession of a deadly weapon, eluding a police officer, possession of a firearm with a changed or removed serial number, possession of implements or tools commonly used for commission of burglary or larceny, and felon in possession of a firearm. (ECF No. 28-34.) Christie was sentenced to an aggregate of 172 to 552 months in prison. (*Id.*) Christie appealed, and the Nevada Court of Appeals affirmed on May 18, 2018. (ECF No. 29-8.)

Christie filed a state habeas petition on June 12, 2019. (ECF No. 29-10.) The state court dismissed the petition on August 17, 2022. (ECF No. 29-22.) Christie appealed, and the Nevada Court of Appeals affirmed on April 13, 2023. (ECF No. 29-33.) Remittitur issued on April 11, 2023. (ECF No. 29-34.)

Christie commenced this action on June 8, 2023, with the filing of his *pro se* petition. (ECF No. 1-1.) This Court appointed counsel for Christie, and counsel filed Christie's First-Amended Petition on August 19, 2024. (ECF Nos. 13, 15, 26.) In his First-Amended Petition, Christie presents the following grounds for relief:

1. The trial court violated Christie's due process rights and right to a fair trial by failing to sever the counts.
2. Christie's right to due process was violated because the evidence presented at trial was insufficient to sustain the conviction for count 1.
3. The trial court violated Christie's due process rights by failing to dismiss count 8, which charged him with committing burglary with the intent to possess a stolen vehicle.
4a. Christie's counsel was ineffective for failing to object and seek removal of a sleeping juror.
4b. Christie's counsel was ineffective for not objecting when the trial court failed to give a limiting instruction on bad act evidence until after the admission of evidence.
4c. There were cumulative errors of his trial counsel's ineffectiveness.

(ECF No. 26.)

## II. DISCUSSION

Respondents argue that (1) the First-Amended Petition is untimely and ground 3 does not relate back to Christie's *pro se* petition, (2) grounds 3 and 4 are unexhausted,[1] and (3) ground 4 does not raise a cognizable claim under the Federal Constitution. (ECF No. 34.) This Court will address these arguments in turn.

### A. Relation Back

Respondents contend that while Christie's *pro se* petition was timely, his First-Amended Petition was untimely; thus, ground 3 of his untimely First-

---

[1] Respondents also contended that ground 1 was unexhausted, but they withdrew that argument in their reply. (*See* ECF No. 42 at 3.)

2

Amended Petition must be dismissed because it does not relate back to his timely *pro se* petition. (ECF No. 34 at 4–6.) Christie does not dispute that his First-Amended Petition is untimely; rather, he contends that ground 3 of his First-Amended Petition relates back to his *pro se* petition. (ECF No. 41 at 2–3.)

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence. *Id.* at 655–64. Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

In ground 3 of his First-Amended Petition, Christie alleges that the trial court violated his due process rights by failing to dismiss count 8, which charged him with committing burglary with the intent to possess a stolen vehicle, arguing that the prosecution's theory was legally invalid and not supported by the evidence. (ECF No. 26 at 10–13.) Christie argues that ground 3 of his First-Amended Petition relates back to ground 1b of his *pro se* petition. (ECF No. 41 at

2.) In ground 1b of his *pro se* petition, Christie alleged that his trial counsel "failed to object or move the district court to set aside [the] burglary while in possession of a gun" charges, arguing that because the jury acquitted him of the weapon enhancement in the robbery charges, it was inconsistent for the jury to find him guilty of the weapon enhancement in the burglary charges given that the robberies and burglaries stemmed from the same facts. (ECF No. 10 at 4–6.)

After acknowledging that ground 1b of his *pro se* petition focuses on the weapon enhancement element of the burglary convictions while ground 3 of his First-Amended Petition focuses on the intent element of the burglary convictions, Christie argues that the grounds share a common core of operative fact given that they both contend that the burglary convictions cannot stand. (ECF No. 41 at 3.) This Court agrees. Respondents too narrowly compare ground 1b of the *pro se* petition with ground 3 of the First-Amended Petition. Rather, in comparing them more broadly, it is apparent that ground 3 of the First-Amended Petition merely relies on a new legal theory tied to the same operative argument alleged in ground 1b of the *pro se* petition that Christie's burglary convictions were flawed. Thus, finding that ground 3 of Christie's First-Amended Petition relates back to his *pro se* petition, the Court finds that ground 3 is timely.

**B.     Exhaustion**

Respondents argue that grounds 3 and 4 are unexhausted. (ECF No. 34 at 7–9.) A state prisoner first must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section

2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims.")).

A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

Respondents argue that Christie failed to federalize ground 3 when he presented it to the Nevada appellate courts on direct appeal. (ECF No. 34 at 9.) In his opening brief on direct appeal, Christie argued that his burglary conviction was based on the faulty premise that he "intended to possess a *stolen* motor vehicle when he entered it" given that the vehicle was not yet stolen. (ECF No. 28-50 at 38–40 (emphasis in original).) Christie concedes that this ground in his opening brief on direct appeal did not directly include any allegation of a violation of federal law; however, he contends that this ground was based, in part, on an argument about insufficiency of the evidence and that he included federal law for this argument previously in his opening brief. (ECF No. 41 at 5.)

It is true that earlier in his opening brief, in arguing that his robbery conviction must be reversed given that it was inconsistent with the jury's acquittal of another charge, Christie cited federal law regarding a challenge to the sufficiency of the evidence. (*See* ECF No. 28-50 at 25 (citing *Jackson v. Virginia*,

443 U.S. 307, 319 (1979).) However, Christie does not make an explicit insufficiency of the evidence argument in his opening brief on the ground in question here. (*See* ECF No. 28-50 at 38–40.) Rather, in supporting his argument in his opening brief that "the stated charge is factually impossible to achieve," Christie argued that "[t]here is nothing in the charging language (or in the facts developed at trial) defeating the notion that the vehicle was owned by and on the property of Jones West Ford before Mr. Christie entered it," meaning, "under these facts he could not have intended to possess a *stolen* motor vehicle when he entered it." (*Id.* at 40 (emphasis in original).) The argument here, when examined in the context of the claim as a whole, is not that the element of the stolen vehicle had not been sufficiently proven at trial to support the conviction; instead, it is that the element of the stolen vehicle is impossible. Thus, although potentially tangentially related to an insufficiency of the evidence argument, the Court finds that Christie's attempt to link this two-sentence argument to an earlier federalized claim within the opening brief falls short. Ground 3 is unexhausted.

Next, Respondents argue that ground 4, Christie's ineffective-assistance-of-trial-counsel claim, is unexhausted. (ECF No. 34.) Christie rebuts that ground 4 is technically exhausted but procedurally defaulted and that he can overcome the default under *Martinez*. (ECF No. 41 at 6.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Christie would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot establish that "it is clear that the state court would hold the

1  claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the
2  courts in this district have generally declined to find a claim subject to
3  anticipatory procedural default unless the petitioner represents that he would be
4  unable to establish cause and prejudice in a return to state court. In such a case,
5  the claim would generally be subject to immediate dismissal as procedurally
6  defaulted, as the petitioner would have conceded that he has no grounds for
7  exception to the procedural default in federal court.

8       A different situation is presented, however, where the Nevada state courts
9  do not recognize a potential basis to overcome the procedural default arising from
10 the violation of a state procedural rule that is recognized under federal law. In
11 *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate
12 assistance of counsel in an initial-review collateral proceeding may be relied upon
13 to establish cause excusing the procedural default of a claim of ineffective
14 assistance of trial counsel. 566 U.S. 1, 9 (2012). The Nevada Supreme Court does
15 not recognize *Martinez* as cause to overcome a state procedural bar under Nevada
16 state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada
17 habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for
18 overcoming a state procedural bar on an unexhausted claim can successfully
19 argue that the state courts would hold the claim procedurally barred but that he
20 nonetheless has a potentially viable cause-and-prejudice argument under federal
21 law that would not be recognized by the state courts when applying the state
22 procedural bars.

23      Here, Christie advances only *Martinez* as a basis for excusing the
24 anticipatory default of ground 4. (*See* ECF No. 41 at 6.) As such, the Court finds
25 this ground to be technically exhausted and procedurally defaulted. Because the
26 analysis of prejudice to overcome the procedural default of this ground is
27 necessarily intertwined with the merits of the ground, this Court defers a
28 determination of whether Christie can overcome the procedural default until the

time of merits determination.

### C. Cognizable Claims

Respondents argue that ground 4c does not raise a cognizable claim under the federal constitution because "[c]umulative error claims are not cognizable on federal habeas review." (ECF No. 34 at 10.) Respondents elaborate that there is a split of authority among circuits on whether the cumulative effect of errors is cognizable, so cumulative error claims cannot be considered "clearly established" under federal law. (*Id.* at 11.) This Court follows the Court of Appeals for the Ninth Circuit, which has concluded that "[t]he Supreme Court has clearly established that the combined effect of multiple . . . errors [can] violate[ ] due process." *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007). Accordingly, the Court finds ground 4c to be cognizable.

### D. Mixed Petition

The Court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for *all* claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because the First-Amended Petition is mixed, Christie has three options: (1) voluntarily dismiss ground 3, (2) move to dismiss the entire petition without prejudice to return to state court to exhaust ground 3, and/or (3) move for other appropriate relief, such as a stay.

## III. CONCLUSION

It is therefore ordered that Respondents' Motion (ECF No. 34) is granted, in part, and denied, in part, as follows: (1) ground 3 is timely but unexhausted, (2) ground 4 is technically exhausted and procedurally defaulted, and this Court defers consideration of prejudice under *Martinez* until after the filing of an answer and reply, and (3) ground 4c is cognizable.

It is further ordered that Christie has 30 days from the date of this Order

8

to inform the Court how he wishes to proceed with his mixed petition as outlined in this Order.

DATED THIS 13th day of May 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE